# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**WILLIE A. RUCKER,**

        **Plaintiff,**

      **v.**                                                                       **Case No. 07-0021**

**MICHEAL J. ASTRUE,**
**Commissioner of the Social Security**
**Administration.**[1]

        **Defendant.**

---

## DECISION AND ORDER

---

Pursuant to 42 U.S.C. § 405(g), the *pro se* Plaintiff, Willie A. Rucker ("Rucker"), filed an action for judicial review of the final decision of Commissioner of the Social Security Administration ("Commissioner"). The Commissioner filed a motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, 42 U.S.C. § 405(g) and (h), and 20 C.F.R. § 404.981. Rucker did not file a timely response to the motion. However, on July 30, 2007, Rucker filed an amended complaint which states "I exhausted remedies and received my final decision. I will be sen[d]ing in a copy of the final decision."

---

[1] On February 12, 2007, Michael J. Astrue ("Astrue") became the Commissioner of the Social Security Administration. Accordingly, the Court has substituted Astrue as the Defendant. *See* Fed. R. Civ. P. 25(d)(1); 42 U.S.C. § 405(g)(final sentence).

Sections 405(g) and (h) of Title 42, United States Code, authorize judicial review in cases arising under Title II of the Social Security Act. Section 405(g) provides in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405(h) states in relevant part:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under Section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

Congress has thereby provided that in claims arising under the Social Security Act, judicial review is permitted only in accordance with § 405(g). Furthermore, "absent a waiver, sovereign immunity shields the federal government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The "'terms of the [United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 [1941]). Where a right, such as the right to sue, is created by statute and the statute provides a special remedy, the remedy is exclusive. *United States v. Babcock*, 250 U.S. 328, 331 (1919).

The Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992). The Court has recognized that cases governed by 42 U.S.C. § 405(g) involve more than a judicially developed doctrine of exhaustion. *See Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Section 405(g) explicitly states that judicial review is allowed only upon a "final decision" as defined by the Commissioner. Additionally, Congress has allowed the Commissioner to "specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration." *Id.*

The ability to review a decision under § 405(g) arises from a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). The term "final decision" is undefined in the Act, and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger*, 422 U.S. at 767. The regulations provide that four steps must first be taken by the claimant before judicial review in federal court is allowed. 20 C.F.R. §§404.900(a); 416.1400(a); *see also, Califano v. Sanders*, 430 U.S. 98, 102 (1970).

Under Social Security regulations, an individual claiming entitlement to benefits first receives an initial determination. (20 C.F.R. §§ 404.902, 416.1402). If dissatisfied with this determination, the claimant may ask for reconsideration. (20 C.F.R. §§ 404.907, 416.1407). If dissatisfied with the reconsideration, the claimant may request a hearing before an ALJ. (20 C.F.R. §§404.929, 416.1429). If the claimant is dissatisfied with the ALJ's decision, the claimant may request that the Appeals Council review the decision. (20 C.F.R. §§ 404.967, 416.1467). The Appeals Council may deny a party's request for review or it may

decide to review a case and make a decision. (20 C.F.R. §§ 404.981, 416.1481). It may also remand the case to an ALJ. (20 C.F.R. §§ 404.977, 404.979, 416.1477, 416.1479).

When these steps are completed, a final decision will have been made. Upon determination of a final decision, the claimant may request judicial review by filing an action in federal district court within 60 days after the date of receiving notice of the Appeals Council's action. (20 C.F.R. §§ 404.981, 416.1481). Consequently, under the regulations, a claimant may obtain a judicially reviewable decision only if he completes the administrative appeals process and receives either 1) a decision by the Appeals Council or 2) notice from the Appeals Council denying his request for review. (20 C.F.R. §§ 404.981, 416.1481).

The Supreme Court has held that courts may excuse a claimant from exhausting his administrative remedies in "certain special cases" where the plaintiff raises a challenge "wholly collateral to his claim for benefits and makes a colorable showing that his injury could not be remedied by the retroactive payment of benefits after exhaustion of administrative remedies." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). However, "the latter exception to exhaustion is inapplicable . . . where respondents do not raise a claim that is wholly 'collateral' to their claim for benefits under the Act and where they have no colorable claim that an erroneous denial of [these] benefits in the early stages of the administrative process will injure them in a way that cannot be remedied by the later payment of benefits." *Id*.

In this case, Rucker failed to exhaust his administrative remedies before commencing this action as specified in 20 C.F.R. §§ 404.900 and 416.1400. He did not obtain a judicially reviewable "final decision." As of January 10, 2007, Rucker's case was pending

4

before an ALJ on a request for a hearing which Rucker filed on June 20, 2006. (Timlin Decl. ¶ 3(a).) Therefore, absent a waiver of the exhaustion requirement, Rucker's complaint must be dismissed.

Moreover, Rucker presents no special circumstances warranting waiver of the requirement that he first exhaust all administrative remedies before pursuing federal court review. Rucker's claim in his complaint is not wholly collateral to his claim for benefits, nor has Rucker made a colorable showing that his injury could not be remedied by retroactive payment of benefits. *See Heckler*, 466 U.S. at 618. Rather, Rucker's claim is essentially a claim for payment of benefits. Therefore, Rucker must first exhaust all avenues of administrative review.

In sum, Rucker has failed to exhaust administrative remedies with respect to his claim for Social Security benefits. Moreover, the requisite grounds for waiver of the exhaustion requirement have not been established. Accordingly, the Commissioner's motion to dismiss this action is granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

This Commissioner's motion to dismiss this action is **GRANTED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 23rd day of October, 2007.

                                           **BY THE COURT**

                                        s/ Rudolph T. Randa
                                        **Hon. Rudolph T. Randa**
                                        **Chief Judge**